IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,                )
                              )
           Plaintiff,         )
                              )
vs.                           )   Case No. 07-1016-JTM
                              )
ACCOR NORTH AMERICA,          )
d/b/a MOTEL 6, *et al.*,      )
                              )
           Defendants.        )
                              )

**ORDER *NUNC PRO TUNC* GRANTING IFP STATUS,
WITHDRAWING RECOMMENDATION OF DISMISSAL, AND
<u>DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>**

In his initial Civil Complaint form, Plaintiff alleges violations of his rights under Title VII of the Civil Rights Act of 1964 based on his race or color, which he identified as "black." (Doc. 1 at 3.) Plaintiff did not, however, attach the required "Right to Sue" letter from the EEOC. Rather, he indicated it "will be filed later per EEOC." (*Id.*) Further, the complained of acts had only occurred 10 calendar days prior to the filing of Plaintiff's lawsuit. On this basis, the Court found that Plaintiff had not exhausted his administrative remedies. (Doc. 6.) As such, the Court granted Plaintiff's request to file the present action *in forma pauperis* while recommending the matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction. *Id.*

After the Order was entered, it was brought to the Court's attention that Plaintiff had filed an Amended Complaint, to which a copy of Plaintiff's EEOC "Right to Sue" letter was attached. (Doc. 4 at 9.) The Court therefore finds that it has jurisdiction over Plaintiff's Title VII claims for racially-based employment discrimination. Any recommendations for dismissal contained in the prior Order are hereby withdrawn.

The Court's ruling on Plaintiff's *IFP* status, however, shall remain in effect. The financial information provided by Plaintiff establishes that he has little or no current income, other than assistance from his grandmother. He is, therefore, entitled to file this action without payment of fees and costs.

Plaintiff also has filed an Application for the Appointment of Counsel. (Doc. 3). In its prior order, this motion was denied as moot in light of the Court's recommendation of dismissal. As that recommendation has been withdrawn, the Court will now consider Plaintiff's request for counsel on its merits.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Id.,* at 1421.

Considering the Court's finding in favor of Plaintiff's request for *IFP* status, above, the first factor weighs in his favor.  The Court acknowledges that Plaintiff has been diligent in searching for counsel, which establishes the second factor.  Even so, none of the contacted attorneys has been willing to take the case.  This indicates to the Court that Plaintiff's case may be without merit, which weighs the third factor against him.

This brings the Court to the final factor – Plaintiff's ability to prepare and present his case without counsel.  Based upon a careful review of allegations contained in Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 4), the Court finds that "the facts and issues in the case are not complicated." ***Martin v. Central States Emblems, Inc.***, 150 Fed.Appx. 852, at \*\*6 (10th Cir. 2005) (so holding in an employment law case brought by a *pro se* prison inmate against his

former employer).  Further, Plaintiff has "failed to show special circumstances preventing him from presenting his claims . . ." *Id.*  Finally, the Court is aware that Plaintiff has been a party to, and has represented himself, in at least nine other lawsuits in this District, including at least five others that have been pending in this District during the past three years.  Plaintiff should, therefore, have at least a working knowledge of the Court.  Therefore, Plaintiff's Application for the Appointment of Counsel (Doc. 3) is hereby **DENIED**.

**IT IS THEREFORE ORDERED** that the prior recommendation of dismissal is hereby **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 2, sealed) is **GRANTED** and that this case be filed without payment of a filing fee.  The Clerk of the Court is directed to issue the appropriate summons pursuant to the information regarding Defendants contained in Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Application for the Appointment of Counsel (Doc. 3) is hereby **DENIED**.

Dated at Wichita, Kansas, on this 15TH day of February, 2007.

       s/   DONALD W. BOSTWICK
      DONALD W. BOSTWICK
      United States Magistrate Judge