IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1016-JTM |
| | ) |
| ACCOR NORTH AMERICA | ) |
| d/b/a MOTEL 6, et al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Pursuant to the Motion of Defendants for a Protective Order (Doc. 21), and upon lack of any objection or response to the motion within the time provided by D. Kan. Rule 6.1(d)(1), the Court treats the motion as uncontested pursuant to D. Kan. Rule 7.4.

IT IS THEREFORE ORDERED THAT:

Pursuant to discovery or otherwise during the course of this proceeding (the "Litigation"), the Parties may elect to or be required to disclose information that ordinarily would not be revealed to third parties or that third parties would be required to maintain in confidence ("Confidential Information"). A probable example of such information would be financial information regarding plaintiff that includes identifying information such as a social security number and/or employment records of individuals not named as defendants in this action. Except as otherwise provided herein, such information, whether it be a document, information revealed during a deposition, information revealed in any discovery response, or otherwise, shall be designated as "CONFIDENTIAL" at the time of production. The producing party will make such designation only as to information the producing party in good faith believes contains Confidential Information entitled to protection.

"Qualified Person" as used in this Order means:

    The plaintiff in this litigation;

    Counsel of record in this Litigation and employees and staff personnel of such

attorneys to whom it is necessary that Confidential Information be shown for purposes of this Litigation;

Any employees of parties to this Litigation who are actively involved in this Litigation; and

Any person who is designated as a qualified person by Order of this Court, after notice to all parties.

Confidential Information shall include all documents and copies of such documents which the producing party has designated as confidential by marking "CONFIDENTIAL" on each page of such material in a manner that does not obscure information on the page.  In lieu of marking the originals of such documents, copies of such documents that are produced or exchanged may be marked.

A party may designate any documents produced in this Litigation prior to the entry of this Order as Confidential Information by notifying all parties of the confidential nature of the documents in writing within fifteen (15) days of the entry of this Order by the Court.

Any deposition or part of a deposition of a party to the Litigation; of such party's present or former officers, directors, employees or agents; of an independent expert retained for purposes of this Litigation; or of any third party witness may be designated as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order.  The deponent may also designate such deposition or part of a deposition confidential by notifying all parties in writing, within fifteen (15) days of receipt of the full and complete deposition transcript.  In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent or otherwise employed shall be considered Confidential Information and subject to the provisions of this Order.

Any information designated as Confidential Information shall not be made available to persons other than the Court, Qualified Persons, or the party who produced the Confidential Information.  Qualified Persons who receive Confidential Information shall use it solely for the

2

purpose of this Litigation.

Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality. In the event of such an inadvertent or unintentional disclosure, the non-producing party is required to return said documents to the producing party immediately. In the event there is a disagreement regarding the confidential nature of the inadvertently and/or unintentionally disclosed documents, or if there is a disagreement as to whether the disclosure was inadvertent or unintentional, the non-producing party must return said documents immediately to the producing party and seek a determination from the Court as to the issue of confidentiality.

No party to this Litigation shall be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to this Litigation disagrees at any stage of the proceedings with the designation by the producing party of any information as confidential, the parties shall try first to resolve their dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party seeking the disclosure of the information may apply to the Court for appropriate relief, and the Court shall be permitted to conduct an <u>in camera</u> inspection of the Confidential Information. The party asserting the claim of confidentiality shall have the burden of establishing that the information is entitled to confidential treatment.

All information that is filed with the Court and is subject to confidential treatment in accordance with the terms of this protective order, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall, upon the filing of the

appropriate motion for leave to file under seal and the granting of that motion by the Court,1 be filed in sealed envelopes or other appropriate containers on which shall be endorsed the number and style of the action and a statement substantially in the following form:

> This envelope, sealed pursuant to the Protective Order entered by the Court on _____, 2007, contains Confidential Information filed in this proceeding, and is not to be opened or the contents thereof revealed except by Order of the Court.

Said envelope or container shall not be opened without further order of the Court except by Counsel of Record, who shall return the contents to the Clerk in a sealed envelope or container. In the alternative, the Court may allow the filing of the document electronically and under seal. Where possible, only confidential portions of filings with the Court shall be filed under seal.

At the conclusion of this Litigation, all originals and copies of any documents containing Confidential Information shall be destroyed or, upon request by the producing party, returned to the producing party. If the party or parties chose to destroy the originals and copies of all such documents, that party must file with the Court and provide to the parties a certificate stating that destruction of the documents has been made.

After the conclusion of this Litigation, a party may seek the written permission of the producing party with respect to dissolution or modification of the Protective Order or may seek to reopen this case for the purpose of seeking dissolution or modification of this Protective Order. Such request for dissolution or modification of the Protective Order may also be made by any party at any time during the pendency of the Litigation.

The entry of this Order shall be without prejudice to the rights of any party to apply for additional or different protection where it is deemed appropriate. This Order is subject to

---

1 *See, e.g., Holland v. GMAC Mortg. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

4

modification or termination by the Court upon showing of good cause.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2007.

                                                 s/ DONALD W. BOSTWICK
                                                 U. S. Magistrate Judge